SUNTAG & FEUERSTEIN
A Professional Corporation
DANA A. SUNTAG (State Bar No. 125127)
ABRAM S. FEUERSTEIN (State Bar No. 133775)
146 West Weber Avenue
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Defendants
ABB INC. (formerly known as ABB Power
T&D Company, Inc.) and Asea Brown Boveri, Inc.

FILED
2003 OCT 27 PM 3: 30
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI FARAHANI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ABB POWER T&D COMPANY, INC.; ASEA BROWN BOVERI, INC., and ABB, INC.,<br><br>Defendants. | NO. LACV03-7583 AHM PLAx<br><br>DEFENDANTS ABB INC. AND ASEA BROWN BOVERI, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS ACTION UNDER F.R.C.P. 12(b)(3) BECAUSE OF IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: November 17, 2003<br>Time: 10:00 a.m.<br>Place: Courtroom 14<br><br>The Honorable A. Howard Matz |

OCT 28 2003

1  PLEASE TAKE NOTICE that, at 10:00 a.m. on November 17, 2003, or as soon thereafter as the matter may be heard, in Courtroom 14 of this Court, located at 312 North Spring Street, Los Angeles, California, Defendants ABB Inc. (formerly named ABB Power T&D Company, Inc.) and Asea Brown Boveri, Inc., will, and hereby do, move for dismissal of this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because of improper venue.

ABB makes this motion because the employment agreement under which Plaintiff sues contains a mandatory forum selection clause requiring any dispute between the parties relating to or involving the employment agreement to be litigated in North Carolina. Under well-established law, the instant Court is not the proper court for the litigation/trial of this case, and, under Rule 12(b)(3), the appropriate remedy is to dismiss the case.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 23, 2003.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Randy R. Schrieber and Danny Julian, the Court's file, and on such further evidence or argument as may be submitted.

Dated: October 24, 2003

SUNTAG & FEUERSTEIN
A Professional Corporation

By _____
DANA A. SUNTAG
Attorneys for Defendants
ABB INC. and ASEA BROWN BOVERI, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Defendants ABB Inc. (hereafter, "ABB") and Asea Brown Boveri, Inc. respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss this case for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

As is shown below, the employment agreement under which Plaintiff sues contains a mandatory forum selection clause requiring all disputes to be litigated in North Carolina, where his employer was headquartered and maintains substantial operations. Well-established federal law requires such forum selection clauses to be enforced in employment cases like the instant case.

Accordingly, this Court should enforce the mandatory forum selection clause contained in Plaintiff's employment agreement and dismiss this case based on improper venue.

## II. STATEMENT OF FACTS/PROCEDURAL HISTORY

In February 2001, Plaintiff Ali Farahani entered into an employment agreement with ABB Power T&D Company, Inc. (hereafter, "T&D") (Schrieber Decl., ¶ 3 and Ex. A). Under the terms of the employment agreement, Plaintiff was hired to work as a Director of Systems and Software for ABB Catalyst Power, a division of T&D. The employment agreement provides that Plaintiff would be paid $125,000 per year plus a possible bonus, to be calculated pursuant to section 3(b) of the agreement. (Schrieber Decl., Ex. A).

T&D was headquartered in Raleigh, North Carolina. (Schrieber Decl., ¶ 4). Indeed, it had been headquartered there for approximately 10 years. (Schrieber Decl., ¶ 5). T&D had substantial operations in Raleigh, and over 300 employees there. (Schrieber Decl., ¶ 5). In July 2001, T&D changed its name to ABB Inc. (hereafter, "ABB") (Schrieber Decl., ¶ 2). ABB continues to have substantial operations in the

Raleigh, North Carolina area; indeed, it still has approximately 380 employees there. (Schrieber Decl., ¶ 6).

Shortly after Plaintiff was hired, he traveled to T&D's offices in Raleigh, North Carolina, for meetings with T&D personnel there. (Julian Decl., ¶ 3). Thereafter, Plaintiff communicated on a regular basis with ABB personnel in Raleigh, North Carolina. (Julian Decl., ¶ 4).

In this lawsuit, Plaintiff claims that Defendants[1] breached his employment agreement by not paying him bonuses to which he claims he was entitled under the employment agreement and by not providing him with 90 days' notice of termination, which he also claims he was entitled to under the agreement. Plaintiff's lawsuit thus is based squarely on the employment agreement and contains claims for breach of contract, breach of the implied covenant of good faith and fair dealing, infliction of emotional distress, negligent misrepresentation, and failure to pay wages.

Plaintiff's employment agreement contains a mandatory forum selection clause, which provides, in pertinent part:

> Any dispute arising between the parties related to or involving this Agreement will be litigated in a court in the State of North Carolina, and [Farahani] agrees that he is subject to the jurisdiction of the courts of the State of North Carolina for purposes of the interpretation and/or enforcement of this Agreement.

(Schrieber Decl., Ex. A, ¶ 11(a)).

Plaintiff filed suit on September 19, 2003, in Los Angeles County Superior Court. On October 23, 2003, Defendants removed the case to this Court based on diversity of citizenship.

---

[1] In addition to Defendants T&D and ABB, Plaintiff has also named another defendant, Asea Brown Boveri, Inc. (hereafter, "Asea"). Asea was not Plaintiff's employer, and it is not clear under what theory Plaintiff has named Asea.

## III.
## THIS COURT SHOULD DISMISS THIS CASE
## BECAUSE OF THE MANDATORY FORUM SELECTION CLAUSE

A. A Motion to Dismiss Under Rule 12(b)(3)
is the Proper Vehicle to Enforce a Forum Selection Clause.

A motion to dismiss for improper venue is the proper method to enforce a forum selection clause. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 n. 3 (5th Cir. 1993).

Unlike a motion to dismiss under Rule 12(b)(6), on a motion to dismiss under Rule 12(b)(3) the parties are entitled to submit declarations regarding facts outside the pleadings. *Argueta*, 87 F.3d at 324. The pleadings are not accepted as true. *Walker v. Carnival Cruise Lines*, 63 F. Supp.2d 1083, 1086 (N.D. CA 1999)

B. Federal Law Governs the Forum Selection Clause
Since Jurisdiction in this Case is Premised on Diversity.

The rule in the Ninth Circuit is that the enforcement of forum selection clauses in diversity cases is governed by federal law. *Spradlin v. Lear Siegler Management Services Co., Inc.*, 926 F.2d 865, 867 (9th Cir. 1991); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Where a contract contains language mandating that a case be litigated in a particular forum, as does the forum selection clause in the contract at issue in this case, then that forum is the exclusive forum. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).

C. This Court Should Uphold the
Forum Selection Clause in the Instant Case.

Under federal law, forum selection clauses are *presumed valid*. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972); *Manetti-Farrow*, 858 F.2d at 512. A party seeking to invalidate a forum selection clause has a "heavy burden of proof" to show that litigation in the agreed-on forum would be so "gravely difficult" and inconvenient that he would be deprived of his

day in court. *Bremen*, 407 U.S. at 18; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593, 111 S. Ct. 1522, 113 L.Ed.2d 622 (1991).

Because of the substantial deference the United States Supreme Court has instructed be given to forum selection clauses, it is unusual for a court to invalidate a forum selection clause; indeed, even forum selection clauses contained in adhesion/form contracts are enforceable. *See Carnival Cruise Lines*, 499 U.S. at 593-94; *Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998). Forum selection clauses are denied enforcement only in the limited circumstance where enforcement would contravene a strong public policy or where it would be "unreasonable or unjust, or the clause was invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 n. 4 (9th Cir. 1984) (forum selection clause should be respected as the expressed intent of the parties absent evidence of fraud, undue influence, overweening bargaining power, or such serious inconvenience as to deprive the party of his day in court).

Thus, in *Carnival Cruise Lines*, the Court upheld a forum selection clause contained in preprinted fine print on a cruise ticket, requiring the plaintiffs (residents of Washington) to file suit in Florida (the defendant's principal place of business). The court upheld the forum selection clause even though it was clear the plaintiffs did not have equal bargaining power so that the clause would not be the subject of negotiation between the parties. *See Walker v. Carnival Cruise Lines*, 63 F. Supp.2d 1083 (N.D. CA 1999) (in case asserting violations of state and federal civil rights, court upheld forum selection clause contained in boilerplate on cruise ticket contracts despite fact that plaintiff/passenger was blind and forum selection clause had not been read to her. Court rejected argument that public policies contained in civil rights laws required different result).

Similarly, the court in *Carron v. Holland America Line-Westours, Inc.*, 51 F. Supp.2d 322, 326 (E.D.N.Y. 1999), held that a minor's need to attend school in her

hometown and the cost of transporting witnesses for a trial across country does not rise to the level of grave difficulty necessary to invalidate a forum selection clause. *Id.*

In the Ninth Circuit, forum selection clauses in employment contracts are <u>routinely</u> enforced. The two primary cases are *Spradlin* and a district court case, *Flake v. Medline Indus., Inc.*, 882 F. Supp. 947 (E.D. CA 1995). In *Spradlin*, the plaintiff was employed by Lear Siegler, a Delaware corporation with its principal place of business located in Oklahoma. 926 F.2d at 866. He entered into Lear Siegler's standardized employment agreement and went to work for Lear Siegler in Saudi Arabia. The employment agreement contained a forum selection clause requiring all disputes to be litigated in Saudi Arabia. He was terminated from his employment, ordered to leave Saudi Arabia within 10 days, and moved to California, where he sued Lear Siegler in state court for breach of contract and related claims, such as fraud, emotional distress, slander, and age discrimination.

Lear Siegler removed the case based on diversity and filed a motion to dismiss under Rule 12(b)(3) based on the forum selection clause. The district court granted the motion. The Ninth Circuit affirmed in an opinion that is quite applicable here. First, the Ninth Circuit held that forum selection clauses in employment contracts are to be treated the same as forum selection clauses in commercial contracts: "there is nothing in the case law . . . to suggest that a different analysis applies to forum selection clauses in employment contracts than generally applies to commercial contracts." *Id.* at 867. Next, the Ninth Circuit confirmed that the test annunciated in *Bremen*, that forum selection clauses are *prima facie* valid and should not be set aside unless the party attacking them can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching," applies to forum selection clauses contained in employment agreements." *Id.* at 867. Based on this, the Ninth Circuit had little trouble ruling that

the forum selection clause in the employment agreement at issue was enforceable and required dismissal of the case.

More recently, the Eastern District of California reached a similar result in *Flake v. Medline Indus., Inc.*, 882 F. Supp. 947 (E.D. CA 1995). In *Flake*, an individual residing in California signed an employment agreement with an Illinois company under which he agreed to act as a sales representative in California. The employment agreement contained a forum selection clause requiring disputes to be litigated in Illinois. After the employee was terminated, he filed suit in California state court for age discrimination. The employer removed the case and then moved to dismiss under Rule 12(b)(3) because of the forum selection clause. The court cited *Bremen* for the proposition that forum selection clauses control absent strong countervailing factors. *Id.* at 949. Citing *Spradlin*, the court found that the employee had failed to rebut the "strong presumption in favor of forum selection clauses," *id.* at 950, and it granted the employer's motion based on the forum selection clause.

Other courts reach identical results. For example, in *Gaskin v. Stumm Handel GmbH*, 390 F. Supp. 361 (S.D.N.Y. 1975), the court upheld a forum selection clause in a far less compelling circumstance. In *Gaskin*, plaintiff/employee was hired to work in New York. He signed an employment agreement written entirely in German, containing a forum selection clause mandating that disputes be litigated in Germany. *Plaintiff did not understand German, was not provided with a translation of the agreement, and did not know it contained a forum selection clause mandating that disputes be litigated in Germany.* Despite these facts, the court upheld enforcement of the forum selection clause and dismissed the case. The court ruled that to do otherwise would be unfair to the employer, which had a right to rely on the parties' agreement contained in the employment contract.

Here, this Court should enforce the forum selection clause in Plaintiff's employment agreement and grant Defendants' motion to dismiss. The employment

agreement contains a mandatory forum selection clause requiring "[a]ny dispute arising between the parties related to or involving [the] Agreement [to] be litigated in a court in the State of North Carolina." North Carolina was the principal place of business of T&D, Plaintiff's employer. T&D had substantial operations there for many years and over 300 employees. As ABB, the company continues to have substantial operations there and still maintains a workforce of over 300 employees there.

There is no question that Plaintiff had notice of the forum selection clause and knew that T&D's headquarters were located in North Carolina. He attended meetings at T&D's headquarters in North Carolina and communicated with ABB personnel there on a regular basis. Indeed, even the notice provision in the employment agreement states that all notices to T&D were to be sent to its offices in North Carolina. Plaintiff is a highly paid individual; his base compensation was $125,000 per year. He is bound by the agreement he signed.

D. The Forum Selection Clause Applies to All of Plaintiff's Claims and Therefore Requires Dismissal of this Entire Action.

In *Manetti-Farrow*, the court held a forum selection clause that required any controversy "regarding interpretation or fulfillment" of a contract also applied to tort claims that related to the contract. 858 F.2d at 514. The court held that the forum selection clause in the contract at issue in that case applied to torts that related to the parties' rights and duties under the contract because the claims could not be adjudicated without analyzing whether the parties were in compliance with the contract. *Id*.

Here, the forum selection clause applies to "[a]ny dispute arising between the parties related to or involving this Agreement . . . ." This language is sufficiently broad to encompass all of Plaintiff's claims in this case since all of Plaintiff's claims arise from and are based on his claim that he is owed compensation under the agreement and that Defendants breached the agreement by not providing him with 90

days' notice of termination. Plaintiff's right to compensation and any right to notice arose solely from the terms of the employment agreement; therefore, all of his claims necessarily "relate to or involve the employment agreement" and are subject to the forum selection clause.

Accordingly, the Court should dismiss this case for improper venue.[2]

## IV.
## CONCLUSION

This Court should enforce the mandatory forum selection clause in Plaintiff's employment agreement, dismiss this case, and grant such other and further relief as is appropriate.

Dated: October 24, 2003

SUNTAG & FEUERSTEIN
A Professional Corporation

By _____
DANA A. SUNTAG
Attorneys for Defendants
ABB INC. and ASEA BROWN BOVERI, INC.

---

2     Alternatively, this Court has jurisdiction under Title 28 U.S.C. Section 1406(a) to transfer this case to the United States District Court for the Eastern District of North Carolina, which sits in Raleigh. See *Flake*, 882 F. Supp. at 952.

# PROOF OF SERVICE

I, the undersigned, am over the age of eighteen years and am a resident of San Joaquin County, California. I am not a party to this action. My business address is c/o 146 West Weber Avenue, Stockton, California 95202.

On October 24, 2003, I served the following document:

**DEFENDANTS ABB INC. AND ASEA BROWN BOVERI, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS TO DISMISS ACTION UNDER F.R.C.P. 12(b)(3) BECAUSE OF IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**

Addressed to:

Perry Roshan-Zamir
Law Offices of Perry Roshan-Zamir
2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403

__XX__ **(BY MAIL)** placing the envelope for collection and mailing on the date and at the place showing below following our ordinary business practices. I am readily familiar with the business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Executed October 24, 2003, at Stockton, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*[signature]*
DOMINIQUE A. BROWN

-1-